| | |
|---|---|
| ANDREW J. KRAMER, ESQ. | ATTORNEY FOR DEFENDANTS: |
| ATTORNEY I.D. NO. 52613 | Live! Casino & Hotel Philadelphia, |
| **KANE PUGH KNOELL TROY & KRAMER, LLP** | Stadium Casino RE, LLC, d/b/a |
| 4 SENTRY PARKWAY EAST, SUITE 100 | Live! Casino & Hotel Philadelphia, |
| BLUE BELL, PA 19422 | Stadium Casino RE, LLC, and |
| PHONE   :   610-275-2000 x 1115 | Gaming and Leisure Properties, Inc. |
| FAX   :   610-275-2018 | |
| EMAIL   :   akramer@kanepugh.com | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARY DAVIS-VICKS | : | CIVIL ACTION |
| | : | NO. 2:25-cv-00452 |
| v. | : | |
| | : | |
| LIVE! CASINO AND HOTEL PHILADELPHIA, | : | |
| STADIUM CASINO RE, LLC, D/B/A LIVE! | : | |
| CASINO & HOTEL PHILADELPHIA, | : | |
| STADIUM CASINO RE, LLC, GAMING | : | |
| AND LEISURE PROPERTIES, INC., AND | : | |
| JANE/JOHN DOE – MAINTENANCE | : | |
| COMPANY AND/OR PROPERTY MANAGER | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN CLEANING INTERNATIONAL, | : | |
| LLC D/B/A TRIAD SERVICE SOLUTIONS | : | |
| F/K/A AMERICAN COMMERCIAL | : | |
| CLEANING, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR LATE JOINDER OF THIRD-PARTY DEFENDANT OF DEFENDANTS LIVE! CASINO & HOTEL PHILADELPHIA, STADIUM CASINO RE, LLC, D/B/A LIVE! CASINO & HOTEL PHILADELPHIA, STADIUM CASINO RE, LLC, AND GAMING AND LEISURE PROPERTIES, INC.**

**I.    MATTER BEFORE THE COURT**

The Motion for Late Joinder of Third-Party Defendant of Defendants Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, d/b/a Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, and Gaming and Leisure Properties, Inc.

II.    **STATEMENT OF QUESTIONS INVOLVED**

Whether this Honorable Court should grant defendants Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, d/b/a Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, and Gaming and Leisure Properties, Inc. leave to join third-party defendant American Cleaning International, LLC d/b/a Triad Service Solutions f/k/a American Commercial Cleaning, Inc.?

**SUGGESTED ANSWER:   YES**

III.    **STATEMENT OF FACTS**

This matter was initiated by the filing of a Complaint in the Philadelphia Court of Common Pleas on January 24, 2025. A copy of that Complaint is attached hereto as Exhibit "A". The matter was then removed to the United States District Court for the Eastern District of Pennsylvania on January 28, 2025. Defendants' Answer with Affirmative Defenses was thereafter filed on February 27, 2025. Defendant now seeks to join American Cleaning International, LLC d/b/a Triad Service Solutions f/k/a American Commercial Cleaning, Inc. as a third-party defendant. A copy of defendant's proposed Third-Party Complaint is attached hereto as Exhibit B.

IV.    **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 14 governs when a defendant may bring in a third party to an action:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14. "Rule 14 is designed to reduce multiplicity of litigation and should be construed liberally. The goal is to prevent the need for a defendant, after being held liable to a plaintiff, to bring a separate action against a third individual who may be liable to defendant for all or part of

plaintiff's original claim." *Longview Fund, L.P. v. Costello*, 2010 U.S. Dist. LEXIS 115450, 2010 WL 4384255, at *4 (M.D. Pa. 2010).

Eastern District of Pennsylvania Local Rule 14.1(a) provides that:

> Applications pursuant to Fed. R. Civ. P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer. If it is made to appear, to the satisfaction of the Court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the Court in the interests of justice.

However, the Court has "substantial room for the exercise of [its] discretion" when deciding whether to allow late joinder of additional parties. *Roberts v. Leasure*, 2006 U.S. Dist. LEXIS 46900, 2006 WL 1967335, at *2 (E.D. Pa. 2006) (*quoting Hornsby v. Johns-Manville Corp.*, 96 F.R.D. 367, 369 (E.D. Pa. 1982)); *see also Goodman v. Neff*, 251 F. Supp. 562, 564 (E.D. Pa. 1966) (holding that a violation of the Local Rule should not per se bar the motion; rather, the Rule's timeframe should be used as an "excellent guide" to the court's discretion).

When a court considers whether to allow joinder of a third-party defendant after the deadlines of Local Rule 14.1, four factors guide the decision: (1) possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead. *O'Mara Enters., Inc. v. Mellon Bank, N.A.*, 101 F.R.D. 668, 670 (W.D. Pa. 1983) (*citing Kopan v. George Washington Univ.*, 67 F.R.D. 36, 38 (D.D.C. 1975); *Judd v. Gen. Motors Corp.*, 65 F.R.D. 612, 615 (M.D. Pa. 1974)); *accord Con-Tech Sales Defined Benefit Trust v. Cockerham*, 715 F. Supp. 701, 703 (E.D. Pa. 1989) (*citing O'Mara*, 101 F.R.D. at 670). The Court may also consider "whether the delay will cause any harm to the proposed third-party defendant, and whether the third-party plaintiff has any excuse for its delay." *Torres v. Control Building Services*,

2009 U.S. Dist. LEXIS 84031, 2009 WL 2951026, at *1 (E.D. Pa. 2009). Defendant bears the burden of showing "special circumstances to excuse the delay." *Bunzl Pulp & Paper Sale, Inc. v. Golder*, 1995 U.S. Dist. LEXIS 2510, 1995 WL 89026, at *4 (E.D. Pa. 1995) (*quoting Jagielski v. Package Machine Co.*, 93 F.R.D. 431, 432 (E.D. Pa. 1981)).

In the instant matter, plaintiff's Complaint alleges:

> On or about January 28, 2023, at approximately 12:00 AM, Plaintiff, Mary Davis-Vicks, was a business invitee, lawfully on the property of Defendants, located at 900 Packer Avenue, Philadelphia, PA 19148, when she encountered a dangerous and defective condition, to wit, wet or liquid substance inconspicuously located on the floor of Defendants' property causing her to slip and fall, causing injuries the extent of which will be described more fully herein after.

*See* Exhibit A at ¶ 17.  However, when plaintiff reported the incident to the casino, she reported that she had tripped over a rug located in the bathroom.  *See* Security Report attached hereto as Exhibit C.

Defendants attempted to clarify this discrepancy through the service of interrogatories. Plaintiff provided responses on April 29, 2025. In response to an Interrogatory inquiring as to how the alleged incident occurred, plaintiff responded "I was coming out of the bathroom on the Defendants' property and slipped and fell, 1/28/23 @12:00. See attached Complaint." *See* Plaintiff's Answers to Interrogatories attached hereto as Exhibit D.  Because this response did not clarify the cause of the alleged incident, defense counsel reached out to plaintiff's counsel on May 14, 2025 to discuss the discrepancy.  Plaintiff's counsel advised that he would speak with his client to confirm the cause of her fall. Defense counsel has followed up with plaintiff's counsel on multiple occasions but has never received a response.  *See* Emails from Defense Counsel to Plaintiff's Counsel attached hereto as Exhibit E.

If plaintiff slipped on a wet floor, proposed Third-Party Defendant American Cleaning International, LLC d/b/a Triad Service Solutions f/k/a American Commercial Cleaning, Inc. was responsible for the happening of the alleged incident. However, proposed Third-Party Defendant American Cleaning International, LLC d/b/a Triad Service Solutions f/k/a American Commercial Cleaning, Inc. was not involved in the placement of the rugs in the bathroom. Defendants have tried unsuccessfully to determine the cause of plaintiff's alleged incident in order to avoid unnecessary joinder of an uninvolved party. Because defendants have not been able to clarify the cause of the alleged incident, defendants wish to move forward with joinder of American Cleaning International, LLC d/b/a Triad Service Solutions f/k/a American Commercial Cleaning, Inc. in an abundance of caution.[1]

For these reasons, defendants respectfully request that this Honorable Court allow its late joinder of proposed third-party defendant American Cleaning International, LLC d/b/a Triad Service Solutions f/k/a American Commercial Cleaning, Inc.

## V. CONCLUSION

**WHEREFORE**, defendants Live Casino & Hotel Philadelphia, Stadium Casino RE, LLC, d/b/a Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, and Gaming and Leisure Properties, Inc. respectfully request that this Honorable Court enter the attached Order.

**KANE PUGH KNOELL TROY & KRAMER, LLP**

BY:_____
ANDREW J. KRAMER, ESQ.
Attorney for Defendants

---

[1] Defendants have opted against proceeding with a deposition in order to avoid prejudice to the proposed Third-Party Defendant or the need to re-depose plaintiff upon its joinder.

## VERIFICATION

I, **ANDREW J. KRAMER, ESQ.**, state that I am the attorney of record for Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, d/b/a Live! Casino & Hotel Philadelphia, Stadium Casino RE, LLC, and Gaming and Leisure Properties, Inc. in the within action; that as such I am authorized to take this Verification; and state upon personal knowledge or information and belief that the averments set forth in the foregoing Motion for Late Joinder of Additional Defendant are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

DATE: July 11, 2025

_____
ANDREW J. KRAMER, ESQ.